IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 1:08-CR-00064 |
| | : |
| v. | : Judge Rambo |
| | : |
| BENJAMIN RICHARD ECKERSON | : |

**DEFENDANT'S MOTION TO PRECLUDE IMPOSITION
OF MANDATORY MINIMUM SENTENCES AND
SUPPORTING BRIEF**

AND NOW comes the Defendant, Benjamin Richard Eckerson, by and through his attorney, David J. Foster, Esquire, and respectfully moves to preclude the Government from seeking the imposition of certain mandatory minimum sentences in this matter, upon conviction or guilty plea, for the reasons set forth in the brief below:

Statement of Case/Procedural History

Mr. Eckerson was charged by the grand jury with the following crimes: production of child pornography, 18 U.S.C. § 2251(a), in that he allegedly "did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct knowingly or having reason to know that such visual depiction would be transported in interstate commerce; to wit, [he] enticed a 15-year old child to produce pornographic images of herself and transmit such images to him by means of electronic communication."; traveling interstate for sex with a child, 18 U.S.C. § 2423, in that he allegedly "knowingly traveled interstate for the purpose of engaging in any sexual act with a person under 18 years of age; to wit,

[he] traveled from Moseley, Virginia, to Cumberland County, Pennsylvania, with the intention of engaging in sexual acts with a 15-year old child."; and enticing a minor to engage in sex, 18 U.S.C. § 2422(a), in that he "did, by means of interstate commerce, knowingly persuade, induce, entice and coerce an individual who had not yet attained the age of 18 years, to engage in a sexual act for which any person can be charged with a criminal offense; to wit, [he] enticed a 15-year old girl to engage in sexual intercourse through electronic communications including instant messenger and e-mail."

The alleged conduct is to have occurred beginning in approximately October 2007 and continuing through on or about January 29, 2008.

The first count carries a mandatory minimum sentence of 15 years, 18 U.S.C. § 2251(e), and the third count carries a mandatory minimum sentence of 10 years, 18 U.S.C. § 2422(b).

Defendant now moves to preclude the Government, upon conviction or guilty plea, from imposing these mandatory minimum sentences on the ground to do so, under the circumstances of his case, would violate the Eighth Amendment to the Constitution.

<u>Question Presented for Review</u>

WHETHER IMPOSITION OF MANDATORY MINIMUM SENTENCES ON DEFENDANT WOULD BE GROSSLY DISPROPORTIONATE TO THE GRAVITY OF THE ALLEGED OFFENSES AND THUS UNCONSTITUTIONAL BECAUSE THESE PUNISHMENTS UNDER THE ADAM WALSH ACT ARE DIRECTED TOWARD CHILD PREDATORS WHO USE ELECTRONIC COMMUNICATIONS TO SEEK OUT VICTIMS WHEREAS THIS DEFENDANT HAD A PRE-EXISTING RELATIONSHIP WITH THE MINOR FEMALE IN QUESTION FROM WHICH THEIR ELECTRONIC COMMUNICATIONS EMANATED?

Suggested answer in the affirmative.

Argument

IMPOSITION OF MANDATORY MINIMUM SENTENCES ON DEFENDANT WOULD BE GROSSLY DISPROPORTIONATE TO THE GRAVITY OF THE ALLEGED OFFENSES AND THUS UNCONSTITUTIONAL BECAUSE THESE PUNISHMENTS UNDER THE ADAM WALSH ACT ARE DIRECTED TOWARD CHILD PREDATORS WHO USE ELECTRONIC COMMUNICATIONS TO SEEK OUT VICTIMS WHEREAS THIS DEFENDANT HAD A PRE-EXISTING RELATIONSHIP WITH THE MINOR FEMALE IN QUESTION FROM WHICH THEIR ELECTRONIC COMMUNICATIONS EMANATED.

In July 2006, the so-called "Adam Walsh Child Protection and Safety Act of 2006" went into effect. Adopted by Congress, it is an act "[t]o protect children from sexual exploitation and violent crime, to prevent child abuse and child pornography, to promote Internet safety, and to honor the memory of Adam Walsh and other child crime victims." U.S. Public Laws, 109th Congress – Second Session. Among other things, the act substantially increased certain mandatory minimum sentences. For example, the penalty for production of child pornography is now at least 15 years imprisonment and that for enticing a minor to engage in sex is now at least 10 years imprisonment (used to be only 5 years). Mr. Eckerson respectfully submits that the act and its enhanced penalties were targeted against child sex predators, that is, those who use various means of electronic communication such as the Internet, IM and e-mail to find victims, engage them in sexually explicit conversation and activity through electronic communication (e.g., sending of photos or video clips of nudity or sexual activity), and perhaps ultimately having sex with their victims.

In his case, however, Mr. Eckerson had known the minor female for some time prior to the charged conduct while working in the horse industry in Cumberland County and other locations in central Pennsylvania; they were friends and became romantically involved over time. The mutual electronic communications between them which are at the basis of these charges occurred in the context of this pre-existing relationship while the Defendant was temporarily working in Virginia. Certainly the severe mandatory prison sentences set forth in the Adam Walsh Act were not intended by Congress to apply to conduct, however sexually explicit, arising from such relationships irrespective of the female's age.

Mr. Eckerson did not "find" his girlfriend in an online chat room or over the Internet. He is not and was not a child sex predator. He was not sending sexually explicit images or messages anonymously to someone he didn't know (or to some undercover agent attempting to entrap him). Their electronic communications were not meant to cultivate an illicit relationship but rather to enhance and deepen a pre-existing romantic relationship. Indeed, Defendant has no prior history of being a child predator or related conduct. That any sexual activity with the minor female may have been criminal should not implicate the Draconian punishments of the Adam Walsh Act because they were not intended to punish such conduct.

Recently the Courts have been confronted with facial challenges to the increased mandatory minimum sentences of the act. In each case, the Court rejected constitutional

challenges for the reason that the particular defendant's conduct was precisely that meant to be punished by the enhanced sanctions. In *United States v. Butters*, 2008 WL 552483 (10th Cir.; February 29, 2008), the defendant was convicted of 18 U.S.C. § 2422(b). He met a person in a chat room whom he believed to be a 13-year old girl; it was an undercover officer. Over 4 weeks he communicated with her by phone and over the Internet, making plans to meet for sex; he sent images of himself masturbating over a webcam. He was arrested after purchasing condoms to use during an anticipated sexual session with the girl, found guilty at trial, and sentenced to 10 years, the mandatory minimum.

The Tenth Circuit rejected the defendant's arguments that the sentence violated the 5th and 8th Amendments as well as the separation-of-powers doctrine. He claimed the 10-year sentence was irrational because there was no actual victim and he had no history of predation. However, the Court ruled that "the absence of an actual child victim does not detract from the seriousness of the crime[.]" And the punishment "is responsive to the danger posed to children as it (1) incapacitates those criminals intent on enticing children; and (2) deters others from engaging in such conduct. Accordingly, we concluded that there is a rational basis for § 2422(b)'s mandatory-minimum sentence even if the object of the defendant's enticement is an undercover agent and the defendant has no criminal past." *Id.* * 3.

Under the 8th Amendment, the Tenth Circuit ruled that the mandatory 10-year

sentence was not "grossly disproportionate" to the crime. It both reflects "the serious nature of the offense and is not 'inconsistent with other state and federal guidelines for child sex crimes.'" (citations omitted). The Court noted that the U.S. Supreme Court has struck down only two sentences in the last 100 years on the basis of gross disproportionality. And it dismissed outright the separation-of-powers claim as utterly lacking any merit. *Id.* * 4.

To reiterate, the defendant in *Butters* was using electronic communications, including the Internet, to engage in online sex talk with an anonymous person whom he believed was a 13-year old girl and to set up a sexual encounter with her; Mr. Eckerson here, by significant contrast, had already known the 15-year old female for some time and had a relationship with her prior to the use of electronic communications from Virginia, where he happened to be working. It was not an anonymous encounter through the Internet but rather a natural outcome of the nature of their developing romantic relationship.

The Ninth Circuit rejected an 8th Amendment challenge to the mandatory 15-year sentence that the Defendant faces for child pornography crimes. The defendant operated a child pornography file service which he used to advertise child pornography images for distribution in exchange for other such images to be sent to him; his computer equipment was seized and found to contain 10,000-12,000 pornographic images, "some of which depicted children engaged in sado-masochistic activity, including bondage and sexual

intercourse." *United States v. Meiners*, 485 F.3d 1211, 1212 (9th Cir. 2007).

It held that the defendant's "challenge fails at the threshold stage because a 15-year sentence is not grossly disproportionate to the gravity of his offense." The Court cited two drug cases in which the Supreme Court rejected gross disproportionality claims for defendants who received harsher sentences. The 9th Circuit reasoned:

> Like drug possession and distribution offenses, advertising and distributing child pornography is a significant crime because it "threaten[s] to cause grave harm to society." The distribution of child pornography feeds an industry that causes physiological, emotional and mental trauma to the child victims. By advertising his desire to receive and trade child pornography, Meiners directly encouraged the production and distribution of material that is created by abusing children.

Because the defendant did not establish an inference of gross proportionality, the Court did not conduct an inter- and intra-jurisdictional analysis of sentences for the same or similar crimes. 485 F.3d at 1213 (citations omitted).

Mr. Eckerson was not engaged in the production or distribution of child pornography as was the defendant in *Meiners, supra*. Yes, he may have encouraged his girlfriend, who was an underage minor, to send him "dirty pictures" of herself by means of electronic communication. But this is far different from those who advertise, distribute, exchange and/or manufacture child pornography. And this is why a 15-year or a 10-year mandatory minimum sentence for his conduct is grossly disproportionate *to the gravity of his alleged offenses.*

In *United States v. Polk*, 508 F.Supp. 2d 89 (D.Me. 2007), the Maine district court

conducted an extensive analysis of a cruel-and-unusual punishment challenge to the imposition of a 15-year mandatory minimum sentence of attempted production of child pornography. The defendant had a prior conviction for aggravated assault - sexual on a 22-month girl and uncharged bad acts evidence was introduced at sentencing concerning attempted or sexual relations with minors in the past.

The defendant visited an Internet news group "Younger Girls 4 Older Guys" and made the virtual acquaintance of Kyla, who was actually an undercover detective who identified herself as a 13-year old girl. From October 2004 to February 2005 they chatted mostly about sex. He repeatedly asked her to send him nude pictures of herself and transmitted images of himself over a videocam masturbating and ejaculating. The defendant was sentenced to the 15-year mandatory minimum at 18 U.S.C. § 2251(e); the sentencing range under the guidelines was 188 to 235 months.

The Court rejected the argument that the sentence was grossly disproportionate to his crime. The defendant had argued that he was disabled, living in a basement apartment and had become obsessed with the Internet; a search of his computer revealed not one single image of child pornography. However, the Court disagreed, writing:

> It is unpersuaded by his attempts to minimize his culpability or reduce the severity of his conduct. The Court cannot view Mr. Polk as a man sitting idly in a basement with innocuous intentions. Rather, he is a man who attempted to coax a person he believed to be a thirteen-year-old girl into taking explicit sexual images of herself and sending them to him. Defendant's behavior persisted over the course of four months and, during that time, he insisted that the internet conversations between himself and the purported thirteen-year-old remain private. Mr. Polk also sent the

> individual he believed to be a young girl webcam images of himself masturbating.

508 F.Supp. at 89. After quoting from congressional statements on the increase in mandatory minimum sentences in regard to child pornography, it concluded that "Mr. Polk's sentence is not grossly disproportionate to the crime but, rather, reflects Congress's reasoned determination to protect children." 508 F.Supp. at 96 (citations omitted).

Although it did not have to, the Maine court went on to look at the sentences imposed on other criminals in the same jurisdiction. The defendant listed 48 defendants who received child pornography sentences and the average was less than 4 years. The Court, however, noted that these were merely possession or attempted possession cases whereas "he was convicted of the much more serious offense of attempted production of child pornography. 18 U.S.C. § 2251. Congress has determined that the first time production of child pornography is much more serious than its first time possession." 508 F.Supp. at 97 (citations omitted).

As to sentences imposed for the same crimes in other jurisdictions, the defendant pointed out that in Maine and Massachusetts, he would be facing maximum penalties of only 5 years for attempted production of child pornography. The Court brushed aside this claim rather unconvincingly: "Be this as it may, Congress has recognized that the production of child pornography is a national scourge that requires several federal penalties." *Ibid.*

Mandatory Minimum Sentences of 15 and 10 Years: Grossly Disproportionate to the Gravity of the Alleged Offenses

  The 8th Amendment prohibits the infliction of cruel and unusual punishment. In 1983, the U.S. Supreme Court articulated three objective factors a court should consider when an 8th Amendment challenge is raised: 1) the gravity of the offense and the harshness of the penalty; 2) the sentences imposed on other criminals in the same jurisdiction; and 3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 291 (1983).

  Mr. Eckerson respectfully submits that to sentence him, a first time offender, to a mandatory minimum of 15 and/or 10 years imprisonment is grossly disproportionate to the gravity of his alleged offenses and, therefore, violative of the Constitution's 8th Amendment ban on cruel and unusual punishment. Congress did not intend to criminalize and to impose severe sanctions on those engaged in a mutually romantic relationship, even where one of the parties is underage. No rational person would believe that this Defendant was engaged in the production of child pornography by getting his girlfriend to send him nude images of herself electronically.

  Nor did his use of electronic communications entice some unknown, anonymous minor to engage in sexual relations with him. This was a girl he had known for some time in Pennsylvania while he was working on horse farms; their friendship grew and developed into a romantic relationship. The sexual activity that allegedly occurred

-10-

between them arose from and was within the context of that pre-existing relationship as opposed to the congressionally contemplated scenario of a dirty-old man predator anonymously luring minors not known to him over the Internet to have sex.

Mr. Eckerson is inapposite to all the defendants discussed in the cases above. The harsh mandatory minimums were not intended to apply to those posited similarly to himself. And hence putting him away for a minimum of 15 years or even 10 years for this alleged conduct involving his minor girlfriend would be grossly disproportionate to the relatively minimal gravity of the offenses alleged.

Sentences Imposed on Other Criminals in the Same Jurisdiction

Undersigned counsel has no information as to what other criminals in this jurisdiction are sentenced to for the same conduct and, thus, is unable to address this second prong of the test.

Sentences Imposed for Commission of the Same Crime in Other Jurisdictions

In Pennsylvania, to the best of undersigned counsel's research, there are no mandatory minimum sentences for the conduct with which the Defendant is charged. Under the crime of sexual abuse of children, 18 Pa.C.S. § 6312, the crime of "Photographing, videotaping, depicting on computer or filming sexual acts" is a 2nd-degree felony; the dissemination of child pornography is a 3rd degree felony (1st offense), and its possession is a 3rd degree felony (1st offense). Under state sentencing guidelines, with no prior record score, Mr. Eckerson would be looking at about 6 to 14 months in the

standard range, a far cry from a minimum of 15 years in federal prison. The crime of unlawful contact with minor, 18 Pa.C.S. § 6318, bars a person from contacting a minor for the purpose of engaging in a wide variety of unlawful activity (open lewdness, sex crimes, prostitution, obscenity, sexual abuse of children, etc.); it is an offense of the same grade and degree as the most serious underlying offense or a 3rd degree felony, whichever is greater. And as the *Polk* Court noted, the maximum sentence (not the mandatory) for this conduct in both Maine and Massachusetts for attempted production of child pornography is only 5 years. 97 F.Supp. 2d at 97.

Under this factor, sentencing Mr. Eckerson to a mandatory minimum of 15 years or even 10 years in prison for his conduct which, as argued above, was not that intended to be encompassed by Congress, would clearly be cruel and unusual punishment given the dramatic disparity in sentences between this jurisdiction and that of Pennsylvania.

For all these reasons, this Honorable Court is respectfully urged to determine that, as applied to the Defendant and his unique factual situation, the Government shall be precluded from seeking the mandatory minimum sentences in this matter because the 8th Amendment would be violated.

Conclusion

WHEREFORE, Defendant, Benjamin Richard Eckerson, based on the foregoing, respectfully requests that Your Honorable Court grant the relief requested in this motion and enjoin the Government from seeking the imposition of any mandatory minimum

sentences in this case in the event he is convicted or pleads guilty. .

         RESPECTFULLY SUBMITTED:

         */s/ David J. Foster*
         David J. Foster, Esquire
         PA I.D. No. 22353
         COSTOPOULOS, FOSTER & FIELDS
         831 Market Street/P.O. Box 222
         Lemoyne, PA 17043
         Phone: 717.761.2121
         Fax: 717.761.4031
         Web: www.Costopoulos.com
         ATTORNEY FOR DEFENDANT

DATED: March 28, 2008.

<u>Certificate of Non-Concurrence</u>

I, David J. Foster, Esquire, attorney for Defendant, do hereby certify that I contacted Christy Fawcett, AUSA, and she has indicated that the Government does not concur with the relief sought in the foregoing Motion.

BY:   <u>*/s/ David J. Foster*</u>
        David J. Foster, Esq.

DATED: March 28, 2008.

Certificate of Service

      I, David J. Foster, Esquire, attorney for Defendant, Benjamin Richard Eckerson, do hereby certify that a true and correct copy of this MOTION AND BRIEF was served on the Government through the Middle District's electronic filing system on the below date to the following individual:

Christy Fawcett, AUSA
Christy.Fawcett@usdoj.gov
Federal Building
Harrisburg, PA

                                BY:   */s/ David J. Foster*
                                            David J. Foster, Esquire

DATED: March 28, 2008.