# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 1:CR-08-064 |
| | ) |
| v. | ) (Judge Rambo) |
| | ) |
| BENJAMIN ECKERSON | ) ELECTRONICALLY FILED |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the United

States Attorney for the Middle District of Pennsylvania and the above-captioned

defendant.  Any reference to the United States or to the Government in this

Agreement shall mean the office of the United States Attorney for the Middle

District of Pennsylvania.

The defendant and counsel for both parties agree that the United States

Sentencing Commission Guidelines which took effect on November 1, 1987, as

amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will

apply to the offenses to which the defendant is pleading guilty.

1.  Waiver of Indictment/Plea of Guilty.  The defendant agrees to waive

venue and to waive indictment by a grand jury and plead guilty to a felony

information which will be filed against the defendant by the United States

Attorney for the Middle District of Pennsylvania.  That information will charge the

defendant with a violation of Title 18, United States Code, Section 2252(a)(2),

receipt of child pornography. The maximum penalty for that offense is

imprisonment for a period of 20 years, a fine of $250,000, a maximum term of

supervised release of at least five years and up to life, to be determined by the

court, which shall be served at the conclusion of and in addition to any term of

imprisonment, the costs of prosecution, denial of certain federal benefits as well as

an assessment in the amount of $100. At the time the guilty plea is entered, the

defendant shall admit to the Court that the defendant is, in fact, guilty of the

offense charged in the information. The defendant further agrees that any legal

and factual issues relating to the application of the Federal Sentencing Guidelines

to the defendant's conduct, including facts that support any specific offense

characteristic or other enhancement or adjustment and the appropriate sentence

within the statutory maximums provided for by law, will be determined by the

court after briefing, or a pre-sentence hearing, or at a sentencing hearing. In the

event that the defendant subsequently successfully vacates or sets aside any plea,

conviction or sentence imposed pursuant to this plea agreement, the defendant

further agrees to waive any defense to the filing of additional charges which could

have been brought against the defendant at the time of this plea based upon laches,

the assertion of any speedy trial rights, any applicable statute of limitations, or any

other grounds. THE DEFENDANT UNDERSTANDS AND AGREES THAT AS

2

PART OF THIS PLEA AGREEMENT, HE WILL WAIVE VENUE ON THE
OFFENSE TO WHICH HE IS PLEADING GUILTY, WHICH VENUE WOULD
NORMALLY LIE OUTSIDE THE MIDDLE DISTRICT OF PENNSYLVANIA.

2. Mandatory Minimum Sentence. Count 1carries a mandatory minimum
period of imprisonment of five years.

3. Supervised Release. The defendant also understands that the Court must
impose a term of supervised release following any sentence of imprisonment
exceeding one (1) year, or when required by statute. The Court may require a term
of supervised release in any other case. In addition, the defendant understands that
as a condition of any term of supervised release or probation, the Court must order
that the defendant cooperate in the collection of a DNA sample if the collection of
a sample is so authorized by law. THE DEFENDANT UNDERSTANDS AND
AGREES THAT IT WILL BE A CONDITION OF HIS SUPERVISED RELEASE
THAT HE WILL HAVE NO CONTACT WITH THE VICTIM OR THE
VICTIM'S FAMILY DURING HIS PERIOD OF SUPERVISED RELEASE.

4. Sex Offender Registration. The defendant also understands that the
Court, as a condition of supervised release or probation, must order the defendant
to comply with all sex offender registration requirements under the Sex Offender
Registration and Notification Act.

3

5.  <u>Dismissal of Counts</u>.  At the time of sentencing on the information described above, the United States agrees to move for dismissal of the indictment filed under Criminal Number 1:CR-08-64. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charge to which the defendant has pleaded guilty pursuant to this plea agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement.

6.  <u>Maximum Sentence</u>.  The defendant understands that the total, maximum possible sentence for all charges is the combination of penalties described above; that is 20 years in prison and/or fines totaling $250,000, a term of supervised release to be determined by the Court, the costs of prosecution, denial of certain federal benefits and an assessment totaling $100.

7.  <u>Fine</u>.  The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea

4

agreement.  Further, the defendant acknowledges that willful failure to pay the fine

may subject the defendant to additional criminal violations and civil penalties

pursuant to Title 18, United States Code, Section 3611, et seq.

    8.  <u>Alternative Fine</u>.  The defendant understands that under the alternative

fine section of Title 18, United States Code, Section 3571, the maximum fine

quoted above may be increased if the District Court finds that any person derived

pecuniary gain or suffered pecuniary loss from the offense and that the maximum

fine to be imposed, if the Court elects to proceed in this fashion, could be twice

the amount of the gross gain or twice the amount of the gross loss resulting from

the offense.

    9.  <u>Inmate Financial Responsibility Program</u>.  If the Court awards a fine or

restitution as part of the defendant's sentence, and the sentence includes a term of

imprisonment, the defendant agrees to voluntarily enter the United States Bureau

of Prisons-administered program known as the Inmate Financial Responsibility

Program through which the Bureau of Prisons will collect up to 50% of the

defendant's prison salary and apply those amounts on the defendant's behalf to the

payment of the outstanding fine and restitution orders.

    10.  <u>Special Assessment</u>.  The defendant understands that the Court will

impose a special assessment of $100 pursuant to the provisions of Title 18, United

States Code, Section 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

11. <u>Financial Litigation Unit Investigation</u>. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to

contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

12. No Further Prosecution, Except Tax Charges. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

13. Acceptance of Responsibility–Three Levels. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the

7

investigation and prosecution of his own misconduct by timely notifying
authorities of his intention to enter a plea of guilty, thereby permitting the
government to avoid preparing for trial and permitting the government and the
court to allocate its resources efficiently.  Accordingly, if the defendant can
adequately demonstrate this acceptance of responsibility to the government, the
United States Attorney's Office  hereby moves at sentencing that the defendant
receive a three-level reduction in the defendant's offense level for acceptance of
responsibility.  The failure of the Court to find that the defendant is entitled to this
three-level reduction shall not be a basis to void this plea agreement.

14. Appropriate Sentence Recommendation.  At the time of sentencing, the
United States may make a recommendation that it considers appropriate based
upon the nature and circumstances of the case and the defendant's participation in
the offense, and specifically reserves the right to recommend a sentence up to and
including the maximum sentence of imprisonment and fine allowable, together
with the cost of prosecution.

15. Costs of Prosecution.  The United States will recommend that the Court
direct the defendant to pay the costs of investigation and prosecution for all
charges brought against the defendant including costs for any charges which may
be dismissed.

16. <u>Mandatory Restitution Act</u>.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. With respect to the payment of this restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of this restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case an the defendant will be required to make partial restitution payments.

17.  <u>Full Restitution by Schedule</u>.  The defendant agrees to make full restitution in accordance with a schedule to be determined by the court.  Pursuant to the dictates of <u>United States v. Palma</u>, 760 F.2d 475 (3d Cir. 1985), the amount of the loss resulting from the  defendant's actions will be determined at the pre-sentencing hearing.

18. <u>Background Information for Probation Office</u>.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant

9

regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

19. <u>Objections to Pre-Sentence Report</u>. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for

withdrawal of a plea of guilty.

20. <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

(a) The right to be reasonably protected from the accused.

(b) The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

(c) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

(d) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

(e) The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

(f) The right to full and timely restitution as provided for by law.  The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

11

(g) The right to proceedings free from unreasonable delay.

(h) The right to be treated with fairness and with respect for the victim's dignity and privacy.

21. <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

22. <u>Maximum Sentence</u>.  The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 20  years, a fine of $250,000, a maximum term of supervised release of at least five years and up to life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

23.  <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the Court decline to follow any recommendations by any of the parties to this agreement.

24.  <u>Further Prosecution for Perjury, False Statement, Etc.</u> Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement.  Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

25.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but

not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

26. <u>Appeal Waiver</u>. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the conviction and sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18, United States Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of <u>United States v. Booker,</u> 125 S. Ct. 738 (2005). The defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The defendant further acknowledges that this appeal waiver is binding only upon the defendant, and that the United States retains its right to appeal in this case.

27. <u>Non-Limitation on Government's Response</u>. Nothing in this agreement

14

shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

28. Agreement Not Binding on Other Agencies.  Nothing in this agreement shall bind any other federal, state or local law enforcement agency.

29. Violation of Law While Plea or Sentence Pending.  The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the

15

Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

30. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

31. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats

16

or promises apart from those promises set forth in this written plea agreement.

32. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., July 7, 2008, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

33. <u>Required Signatures</u>.  None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my
attorney.  I fully understand it and I voluntarily agree to it.

_7-25-08_
Date

_Bijirl Ehser_
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this
agreement with the defendant. To my knowledge my client's decision to enter into
this agreement is an informed and voluntary one.

_7-25-08_
Date

_Dave Foster, Esquire_
Counsel for Defendant

_7-29-2008_
Date

_Martin C. Carlson_
United States Attorney

chf/CHF
2008R00081/June 20, 2008
Post-Booker Plea Agreement 6/1/2007